**UNITED STATES COURT OF APPEALS**
**Filed 11/12/96** **TENTH CIRCUIT**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | Case No. 96-5073 |
| BRIAN MAURICE FULLER, also known as Kevin Clay Felts, also known as David Baum, also known as Seth Oliver, | (D.C. 91-CR-143-E & CV-95-992-K) (Northern District of Oklahoma) |
| Defendant-Appellant. | |

---

**ORDER AND JUDGMENT**[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Defendant Brian Maurice Fuller appeals the denial of his motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He claims that his sentence was imposed in violation of the double jeopardy clause of the Fifth Amendment to the United States Constitution and in violation of his Sixth Amendment right to effective assistance of counsel. We accept jurisdiction pursuant to 28 U.S.C. § 1291, and affirm

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's denial of Mr. Fuller's motions.[1]

# I. BACKGROUND

On March 25, 1992, Mr. Fuller was sentenced to 195 months' imprisonment after pleading guilty to conspiracy in violation of 18 U.S.C. § 371, the interstate sale of stolen property in violation of 18 U.S.C. § 2315 and 18 U.S.C. § 2, and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I) and 18 U.S.C. § 2. Mr. Fuller's sentence was later reduced to 136 months' imprisonment as a result of his cooperation with the government. On October 4, 1995, Mr. Fuller filed two motions to set aside his sentence pursuant to § 2255 and a third motion for discovery. In his § 2255 motions, Mr. Fuller contended that the subsequent civil forfeiture of his property subjected him to double jeopardy and that he received ineffective assistance from his counsel, Bruce A. Martin. With regard to his ineffective assistance of counsel claim, Mr. Fuller argued that Mr. Martin was not licensed to practice in Oklahoma, had a conflict of interest, failed to conduct pretrial discovery, failed to raise the double jeopardy issue and caused Mr. Fuller to enter a plea that was not knowing and voluntary. In a well reasoned order, the United States District Court for the Northern District of Oklahoma denied Mr. Fuller's motions. On appeal Mr. Fuller repeats all of the arguments made below except for the claim that

---

[1] After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

his counsel was infirm as a result of not being licenced in the State of Oklahoma.

In making his double jeopardy argument, Mr. Fuller relies on United States v. Ursery, 59 F.3d 568 (6th Cir. 1995), which held that civil forfeitures constituted punishment for the purposes of the Fifth Amendment's prohibition against double jeopardy, see id. at 573. However, the Supreme Court has reversed the Sixth Circuit's decision, see United States v. Ursery, 116 S. Ct. 2135 (1996), rejecting the claim that civil forfeitures may constitute punishment under the Fifth Amendment, see id. at 2149. Therefore, Mr. Fuller's double jeopardy argument is without merit.

We now turn to Mr. Fuller's arguments that he received ineffective assistance of counsel. Ineffective assistance of counsel claims must be viewed under the test provided by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), under which the defendant must show: (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." See Strickland, 466 U.S. at 687.

Mr. Fuller's first argument--that Mr. Martin had a conflict of interest--fails the first prong of the Strickland test. To prevail on this claim Mr. Fuller must demonstrate that "'a specific and seemingly valid or genuine alternative strategy was available to defense counsel, but it was inherently in conflict with his duties to others or to his own personal interests.'" See United States v. Migliaccio, 34 F.3d 1517, 1526 (10th Cir. 1994) (quoting United States v. Bowie, 892 F.2d 1494, 1500 (10th Cir. 1990)). We agree with the district court that Mr. Martin had no conflict of interest.

Mr. Fuller claims Mr. Martin was conflicted by his prior representation of Mr. Fuller's mother during her appearance before the grand jury investigating Mr. Fuller. Mr. Martin advised her to tell the grand jury Mr. Fuller's location. In his brief, Mr. Fuller argues that "[t]he law enforcement authorities would not have located [him] had it not been for [his mother's] disclosure of his whereabouts." Aplt's Br. at 8. However, the district court aptly stated, "[f]leeing or hiding from federal authorities is not a 'seemingly valid or genuine alternative strategy' which would give rise to a conflict of interest." See Aplt's Br. attach. A, at 4 (district court's Order) (quoting Migliaccio, 34 F.3d at 1526). Upon reviewing Mr. Fuller's motions and the record, we find no showing that any "actual conflict of interest adversely affected his lawyer's performance." See Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).

Mr. Martin's final three arguments clearly fail the "prejudice" prong of the Strickland test. Where, as here, a guilty plea has been entered, the "prejudice" prong requires that a defendant show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). First, Mr. Fuller's contention that Mr. Martin's failure to conduct pre-trial discovery amounted to constitutionally ineffective assistance of counsel fails to meet this burden because he fails to point to any evidence that would have been discovered, much less any evidence that might have changed his plea. Next, Mr. Martin's failure to raise a double jeopardy claim has clearly not prejudiced Mr. Fuller, as

4

the Supreme Court rejected such claims in <u>Ursery</u>, 116 S. Ct. at 2149.  Finally, Mr. Fuller

claims that his plea was not voluntary because Mr. Martin allegedly told him that if he

refused the plea he would be found guilty and sentenced to "100's of years" in prison.

<u>See</u> Aplt's Br. at 10.  However, Mr. Martin was made aware that he faced a maximum

penalty of thirty-five years in both the Plea Agreement, <u>see</u> Aplt's Br. Attach. B, at 7, and

at the change of plea hearing, <u>see</u> Aple's Br. ex. 8, at 14-15.  Thus informed, Mr. Fuller's

claim that he pleaded guilty because he believed he faced "100's of years," is not credible.

We AFFIRM the district court's denial of Mr. Fuller's § 2255 motions.  The

mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge